# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: PETITION OF LEO HOLLIDAY,**
**as titled owner of a 19' 2005 Starcraft**
**Marine Runabout, hull identification**
**number STR790840404, her engines,**
**tackle, and appurtenances, for Exoneration**
**from or Limitation of Liability,**
                                    **Petitioner.**

                                              **Case No:   6:14-cv-1709-Orl-28DAB**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT EXONERATION FROM LIABILITY AGAINST ALL CLAIMANTS NOT FILING A CLAIM IN THIS ACTION [OTHER THAN CLAIMANTS CHERYL AND RANDY TORRAO] (Doc. 17)** |
| **FILED:** | **January 12, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

This is a statutory proceeding brought in admiralty by Petitioner Leo Holliday, as titled

owner of a 19' 2005 Starcraft Marine Runabout[1], claiming the right to exoneration or limitation of

liability from all claims arising out of a boating accident on the Indian River in Brevard County,

Florida. Doc. 1.   Petitioner now seeks entry of a final default judgment against all claimants who

have not filed claims following notice publication, other than the two individuals who have filed

_____

[1] Hull identification number STR790840404. The Petition includes the boat, her engines, tackle, and
appurtenances.

claims, Cheryl and Randy Torrao. Doc. 17.   Because the Court finds that the required notice has been given and the time for filing a claim or answer has expired, it is respectfully **RECOMMENDED** that Petitioner's Motion be **GRANTED** and the Proposed Order (Doc. 17-1) be entered.

### *Procedural Background*

On October 21, 2014, Petitioner filed this statutory proceeding pursuant to 46 U.S.C. § 30501 *et. seq*. and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, claiming the right to exoneration from or limitation of liability for all claims arising out of the alleged June 5, 2014 accident arising out of operation of a recreational watercraft on the Indian River in Brevard County, Florida. Doc. 1 (the "Limitation Action").   Petitioner's vessel collided with another vessel, a 2014 23' Sea Fox[2], (the "Sea Fox"), operated by Randy Torrao; Randy and Cheryl Torrao suffered personal injuries. *Id*. Petitioner seeks exoneration pursuant to Supplemental Rule F(2) and, in alternative, seeks to claim and invoke the rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46, U.S. Code Section 30501. Doc. 1 ¶ 5.

The Court entered, on October 24, 2014, its Order approving Petitioner's Ad Interim Stipulation, Directing Issuance of Monition and Injunction, and staying all actions or proceedings against the Petitioner arising out of the alleged June 5, 2014 accident, until the Limitation Action is determined. Doc. 5. That Order required all potential claimants to serve Petitioner's attorney with a copy of their claim no later than December 5, 2014; it also required Petitioner to publish the notice issued by the clerk in an approved newspaper (as specified in Supplemental Rule F and Local Admiralty Rule 7.06) once a week for four successive weeks prior to December 5, 2014, and to mail

---

[2] Hull identification number LYGHD116G314.   Doc. 1 ¶ 9.

a copy of the notice to every person known to have made a claim against the Petitioners arising out of the incident alleged in the Petition. Doc. 5.

The Clerk issued its Notice of Monition on October 24, 2014 (Doc. 6), and Petitioner published the notice as specified in the Court's Order.  *See* Doc. 10 (Notice of Filing Proof of Publication and Compliance with Court Order).   In addition, a copy of the Petition for Exoneration from or Limitation of Liability (DE 1), a copy of the Court's Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction (DE 5) and a copy of the Clerk's Notice (Doc. 6) were mailed via certified mail to potential Claimants, Cheryl Torrao (through her attorney Andrew Pickett, Esq.), Randy Torrao, Steven J. Torrao, and Progressive Casualty Insurance Company.  *See* Doc. 11 (Notice of Compliance with Court Order).

On December 23, 2014, Petitioner sought a Clerk's Default against any remaining claimants (other than claimants Cheryl and Randy Torrao) that had failed to claim, defend or otherwise prosecute their claims in the action (Doc. 12); the Court granted Petitioner's Motion on January 8, 2015 (Doc. 15), and the Clerk entered default on January 9, 2015. Doc. 16.

On January 12, 2015, Petitioner filed his Motion seeking Entry of Final Default Judgment for Exoneration from Liability against all claimants who have not filed claims. Doc. 17. Cheryl and Randy Torrao are the only claimants to have filed a claim in this action to date. Docs. 8, 9. According to Petitioner's counsel, no other parties or potential claimants have contacted the undersigned or any other attorney at Sedgwick LLP with regard to filing a claim in this matter and to date, there has been no request by any entities for an extension of time in which to answer, move, claim or otherwise appear in this Limitation Action[3].   Doc. 17.

---

[3] Petitioner also states that, upon information and belief, the defaulting parties against whom this default is sought are not infants, in the military or incompetent persons.  Doc. 17 ¶ 13

***Discussion***

Rule F(5), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, mandates:

> (5) Claims and Answer. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Fed.R.Civ.P. Supp. Rules for Admiralty or Maritime Claims and Asset Forfeiture Action, R. F(5).

Supplemental Rule F(4) provides that:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four consecutive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed.R.Civ.P. Supp. Rules for Admiralty or Maritime Claims and Asset Forfeiture Action, R. F(4).

In cases arising under this rule, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled "[his] obligation to publish notice of the limitation proceeding . . . the Notice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In the Matter of X–Treme Parasail, Inc.,* No. 10 Civ. 711, 2011 WL 4572448, at *1 (D.Haw. Sept. 12, 2011); *see also In the Matter of Reef Innovations, Inc.,* No. 11-cv-1703, 2012 WL 195531, at *2 (M.D.Fla. Jan.6, 2012) (noting that a party seeking a default judgment on a complaint for exoneration from or limitation of liability must first publish a notice of the action in a newspaper

for four consecutive weeks).

Petitioners fulfilled their obligation to publish notice of the limitation proceeding once per week for four consecutive weeks in *The Reporter*, an approved newspaper, as required by Supplemental Rule F(4): on November 13, 2014, then on November 20, 2014, November 27, 2014 and finally on December 4, 2014. Doc. 10.

The Notice expressly and clearly stated the deadline for filing a claim and/or answer was December 5, 2014, and that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer. Although the deadline for filing an appropriate responsive pleading was December 5, 2014, potential claimants have had four additional months to file a claim and/or answer before the Court ruled on the present Motion. The deadline mandated by the Court for filing claims/answers has expired. Any/all potential claimants had more than ample opportunity to otherwise seek leave of this Honorable Court to extend the deadline and file an appropriate responsive pleading. To date, only Cheryl and Randy Torrao have intervened. No other parties have contacted Petitioner or his counsel and expressed an interest, desire or intent to file a claim and/or answer. Under the totality of these circumstances, Petitioner's Motion can and should be granted in its entirety

## CONCLUSION

The Court finds that the required notice has been given and the time for filing a claim and/or answer has expired. Accordingly, it is respectfully RECOMMENDED that Petitioner's Motion be **GRANTED** and that the district court enter default judgment as set forth in the Proposed Order (Doc. 17-1) against any and all claimants who have not filed a claim, answer, and/or otherwise moved for leave to intervene in this proceeding, except that this exoneration does not apply to claimants, Cheryl or Randy Torrao, who have filed Answers to Petitioner's Complaint (Docs. 8, 9).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 6, 2015.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy